UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-05761-MWC-DSR                                Date: June 3, 2026

Title:    Joe Papoyan v. JPMorgan Chase Bank, N.A.

Present:  The Honorable Michelle Williams Court, United States District Judge

|  T. Jackson  |  Not Reported  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| :---: | :---: |
| N/A | N/A |

**Proceedings:  (IN CHAMBERS) ORDER *SUA SPONTE* REMANDING ACTION TO SUPERIOR COURT (DKT. [1]) AND CLOSING CASE [JS-6]**

Defendant JPMorgan Chase Bank, N.A. ("Defendant") removed this action from the Small Claims Court of the Superior Court of California County of Los Angeles to this Court.  *See* Dkt. # 1 ("*Not. of Removal*").  Because the Court determines that it lacks subject-matter jurisdiction over this case, the Court *sua sponte* **REMANDS** this action to the Superior Court of California, County of Los Angeles (Case No. 26PDSC00861).  The Clerk of Court is directed to **CLOSE** this case (**JS-6**).

I.      Factual Background & Procedural History

On April 7, 2026, Plaintiff Joe Papoyan ("Plaintiff") filed this action in Small Claims Court, "kindly ask[ing] Defendant to remove the 1 time 30 day late from [his] credit profile."  *See* Ex. A to *Not. of Removal* at 3.  Plaintiff alleges that he "had serious medical issues and [ ] was under [an] induced medical coma."  *Id.*  Section (3)(c) of his Small Claims Complaint asked "How did you calculate the money owed to you?" to which he responded:

> FCRA ACT 616(A)1(A)Civil Liability Noncompliance (15U.S.C.)My JPMCB Auto account is reporting 1 time 30 day late for April 2026 only because I was under medically induced coma, I was physically unable to make the payment.  I take my finances very serious and as soon as I was able to check my accounts I made the payment but unfortunately it was too late and 30 day late has reported on my credit report.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-05761-MWC-DSR                                   Date: June 3, 2026

Title:     Joe Papoyan v. JPMorgan Chase Bank, N.A.

*Id.* at 4.  Because Plaintiff cursorily mentioned the Fair Credit Reporting Act ("FCRA"), Defendant removed this action to federal court on May 29, 2026.  *See generally Not. of Removal* ¶ 8.

## II.     Legal Standard

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).  As such, "[i]t is to be presumed that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted); *Gila River. Indian Cmty. v. Schoubroek*, 145 F.4th 1058, 1070 (9th Cir. 2025) (same).  It is well-established that federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Foster v. Chatman*, 578 U.S. 488, 496 (2016) (internal quotation marks and citation omitted); *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 759 (9th Cir. 2023); Fed. R. Civ. P. 12(h)(3).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Ninth Circuit recognizes a "strong presumption against removal," requiring that any doubts as to removability should be resolved in favor of remand.  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018); *Robertson v. GMAC Mortg., LLC*, 640 F. App'x 609, 611 (9th Cir. 2016).  The defendant bears the burden of demonstrating that removal is proper.  *Hansen*, 902 F.3d at 1057; *Robertson*, 640 F. App'x at 611.

## III.     Discussion

Upon review of the Complaint, the Court determines it lacks subject-matter jurisdiction over this case.  The Court therefore must remand this action back to Superior Court.

The removal statute prescribes that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  Federal courts have original jurisdiction "over two general types of cases:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:26-cv-05761-MWC-DSR                                Date: June 3, 2026

Title:      Joe Papoyan v. JPMorgan Chase Bank, N.A.

those raising federal-law questions (28 U.S.C. § 1331) and diversity jurisdiction (28 U.S.C. § 1332(a)).” *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).  Defendant asserts the Court has jurisdiction pursuant to federal-question jurisdiction.  *See Not. of Removal* ¶ 8.

“Removal based on federal-question jurisdiction is reviewed under the well-pleaded complaint rule.”  *Hansen*, 902 F.3d at 1057.  Under the well-pleaded complaint rule, “federal jurisdiction exists only when a federal question is presented on the face of the plaintiff’s properly pleaded complaint.”  *Caterpillar*, 482 U.S. at 392 (citation omitted); *Hansen*, 902 F.3d at 1057; *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1091 (9th Cir. 2025).  “In order for a complaint to state a claim arising under federal law, it must be clear from the face of the plaintiff’s well-pleaded complaint that there is a federal question.”  *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (internal quotation marks and citation omitted).

Here, the Court cannot conclude that Defendant has adequately demonstrated that a federal question is clearly presented from the face of Plaintiff’s Small Claims Complaint. Instead, “Plaintiff’s complaint is not artfully pleaded.  It is on a Small Claims Court form, which does not ask plaintiffs to cite any statutes or legal theories, but simply to answer questions,” like “How did you calculate the money owed to you?”  *Oganesyan v. Am. Airlines Cargo*, No. CV 13-6190 SVW, 2013 WL 6229173, at *2 (C.D. Cal. Nov. 26, 2013).  California law requires the use of this “simple nontechnical form” in Small Claims Court actions.  *See id.*; *see also* Cal. Civ. Proc. Code § 116.320(b).  Further, “federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction.” *Zheng v. Internet Corp. for Assigned Names and Numbers*, No. 2:25-cv-06124-SPG-AJR, 2025 WL 2670527, at *3 (C.D. Cal. Sept. 16, 2025) (citation omitted); *see also Kokhanovski v. TD Bank USA, N.A.*, No. 1:22-cv-01552-JLT-CDB, 2023 WL 5348361, at *3 (E.D. Cal. Aug. 21, 2023) (“While Plaintiff’s complaint references the FCRA and asserts that Defendant’s conduct in violation of FCRA caused Plaintiff to suffer damages . . . mere references to federal statutes are not enough to establish federal jurisdiction.”) (citation omitted); *Cordero v. CM REO Tr.*, No. ED CV 13-495-DMG (PLA), 2013 WL 6255126, at *5 (C.D. Cal. June 3, 2013) (concluding that a “plaintiff’s cursory reference” to a federal statute did not support federal question jurisdiction “since plaintiff makes no allegations regarding this Act.”).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:26-cv-05761-MWC-DSR                                Date: June 3, 2026

Title:      Joe Papoyan v. JPMorgan Chase Bank, N.A.

"Plaintiff's single passing use of [FCRA]"—in response to the form's question about *how* Plaintiff calculated damages—"does not convince the Court that he intended to invoke federal law." *Zheng*, 2025 WL 2670527, at *3.  That a "calculation of damages may require reference to" a federal statute does not necessarily imply the "interpretation" or application of that statute. *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005).  Nor does it imply that Plaintiff intends to press a claim under the Fair Credit Reporting Act.  Ultimately, "[i]n the face of ambiguity in the [Complaint], the Court must fall back on the 'strong presumption' against removal jurisdiction." *Id.* (collecting case law authority).

IV.     Conclusion

For the foregoing reasons, the Court *sua sponte* **REMANDS** this action (Dkt. # 1) to the Small Claims Court of the Superior Court of California, County of Los Angeles (Case No. 26PDSC00861).  The Clerk of Court is directed to **CLOSE** this case (**JS-6**).

**IT IS SO ORDERED.**

:

**Initials of Preparer**    TJ